IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARK A. WITKOWSKI,<br>    Petitioner,<br><br>v.<br><br>STEVE KALLIS,<br>    Respondent. | Case No. 1:17-CV-01142-JES |

**Order**

Now before the Court is the Respondent's Motion to Dismiss the *pro se* Petitioner, Mark Witkowski's, § 2241 Petition (D. 5).[1] The Petitioner has filed a Response. (D. 11). For the reasons stated, *infra*, the Court DENIES the Respondent's Motion.

The Petitioner filed his Petition pursuant to 28 U.S.C. § 2241, asserting that the Bureau of Prisons ("BOP") should have placed him in a residential reentry center ("RRC") sooner than it did. (D. 1 at pg. 2). At the time, he was incarcerated. *Id.* at pg. 1. The Petitioner has since been released from BOP custody. (D. 3). The conditions of his release and the present status of his sentence fulfillment are, by and large, unknown to the Court.

The Respondent filed the present Motion, arguing that once a habeas petitioner is "released from detention, his petition is moot unless he alleges continuing adverse consequences." (D. 5 at pg. 1) (citing *McClendon v. Trigg*, 79 F.3d 557, 559 (7th Cir. 1996)). The Respondent further argues that the Petitioner's release from "custody" means there is no longer an actual case or controversy before this Court. *Id.* at pg. 2.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

Initially, the Petitioner did not respond to the Respondent's Motion. In accordance with Local Rule 7.1(B)(2), the Court presumed the Petitioner did not oppose their Motion, granted it, and entered judgment in favor of the Respondent. (D. 8); (D. 9). Shortly thereafter, the Petitioner filed a Motion to Set Aside the Dismissal (D. 10), which the Court granted in a text order on December 14, 2017.

The Petitioner subsequently filed an Objection to the Respondent's Motion to Dismiss. (D. 11). He claims that his release from the BOP did not resolve the issues raised in his § 2241 Petition. *Id*. at pg. 1. In support of this contention, the Petitioner listed numerous difficulties he has encountered since being incarcerated and released from BOP custody. *Id*. at pp. 1-3. He says he is no longer in an RRC and claims the issues he raises "show a systematic pattern of callous indifference by the BOP staff in delaying [his] release and then placing [him] in a RCC far from my family in order to block me from rebuilding family ties while finding work in the same community." *Id*. at pg. 3. Citing *Coleman v. Rahija*, 114 F. 3d 778 (8th Cir. 1997), the Petitioner argues this was an abuse of the BOP's discretion, for which he is entitled to damages.

Since *Coleman* involves a case brought pursuant to 42 U.S.C. § 1983, it is inapposite. To the extent that the Petitioner is seeking relief in the form of damages, "a § 2241 petition is not the proper vehicle for obtaining monetary damages." *Christian v. Norwood*, 376 Fed. Appx. 725, 726 (9th Cir. 2010) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).

The petitioner in *McClendon* had claims that were deemed moot upon his death. 79 F.3d 557, 558. Whether a § 2241 petition is moot due to a prisoner's release from BOP custody is dependent upon whether or not they can receive "'any benefit' from a favorable decision." *Pope v. Perdue*, 889 F. 3d 410, 414 (7th Cir. 2018) (citations omitted). If the Petitioner in this case is still on supervised release, for example, his § 2241 Petition is not automatically moot. *Id*. The

2

Court can only deem the Petition in this case moot if it is "confident" the Petitioner "cannot benefit" from a favorable decision. *Id.* (citing *United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir. 2001)).

After reviewing the record, the Court is unable to determine whether the Petitioner's claims are moot. He may still be in "the home confinement portion of [his] custody[.]" (D. 11 at pg. 3). If so, it is possible that he could derive some benefit from a finding by this Court in his favor. The "heavy" burden of demonstrating mootness lies with the Respondent in this instance, as the party attempting to assert it. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The Respondent, however, does not provide sufficient details about the Petitioner's current confinement status, if any. Therefore, they have not met their burden. Accordingly, the Respondent's Motion to Dismiss (D. 5) is DENIED. As requested, the Respondent is GRANTED 30 days (by September 13, 2018) to respond to the merits of the Petitioner's § 2241 Petition (D. 1).

For the reasons stated, *supra*, the Respondent's Motion to Dismiss (D. 5) is DENIED.

*It is so ordered.*

Entered on August 13, 2018

s/ James E. Shadid
James E. Shadid
Chief United States District Judge